UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20899

18 U.S.C. § 1956(h)
21 U.S.C. § 963
18 U.S.C. § 982
21 U.S.C. § 853

CR-ZLOCH /HUNT

UNITED STATES OF AMERICA

vs.

JAIME ALBERTO TAMAYO LOPEZ,
    a/k/a "Franco,"
ALEXANDER HERRERA NARIÑO,
    a/k/a "Henry Hernandez,"
    a/k/a "Buffalo,"
    a/k/a "Alex,"
MIGUEL BRANDO PENARANDA DIAZ,
    a/k/a "Larry,"
and
VINCENZO APREA,
    a/k/a "Fratello,"

    Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

Beginning in and around September 1, 2012, and continuing through on or about November 20, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

JAIME ALBERTO TAMAYO LOPEZ,
a/k/a "Franco,"
ALEXANDER HERRERA NARIÑO,
a/k/a "Henry Hernandez,"

a/k/a "Buffalo,"
a/k/a "Alex,"
**MIGUEL BRANDO PENARANDA DIAZ,**
a/k/a "Larry,"
and
**VINCENZO APREA,**
"Fratello,"

did knowingly and willfully combine, conspire, confederate, and agree with each other, and other persons, both known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, that is, to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity,

(a) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and

(b) knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is the felonious importation, exportation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States, Colombia, and Peru.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2

Beginning at least as early as in and around December 2012, the exact date being unknown to the Grand Jury, and continuing through on or about January 2, 2013, in the countries of Colombia, Peru, and elsewhere, the defendant,

**JAIME ALBERTO TAMAYO LOPEZ,**
a/k/a "Franco,"

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to distribute a controlled substance, knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a)(2); all in violation of Title 21, United States Code, Section 963.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## CRIMINAL FORFEITURE

1. The allegations in Counts 1 and 2 of this Indictment are realleged and by this reference fully incorporated herein for purposes of alleging forfeiture to the United States of America of certain property in which one or more of the defendants have an interest.

2. Upon conviction of the violation alleged in Count 1, the defendants **JAIME ALBERTO TAMAYO LOPEZ, ALEXANDER HERRERA NARIÑO, MIGUEL BRANDO PENARANDA DIAZ, and VINCENZO APREA** shall forfeit to the United States any property, real or personal, involved in the aforestated offense and any property traceable to such property.

3. Upon conviction of the violation alleged in Count 2, defendant **JAIME ALBERTO TAMAYO LOPEZ** shall forfeit to the United States any property constituting or

derived from any proceeds which the defendant obtained, directly or indirectly, as the result of such violations, and any property which the defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violation.

Pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
DUSTIN M. DAVIS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

JAIME ALBERTO TAMAYO LOPEZ, et al.,

**CERTIFICATE OF TRIAL ATTORNEY***

**Defendants.**
_____ /

**Superseding Case Information:**

Court Division: (Select One)

_X_ Miami ____ Key West
____ FTL ____ WPB ____ FTP

New Defendant(s) Yes ____ No _____
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No)   Yes
   List language and/or dialect   Spanish
4. This case will take __7-9__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I    0 to 5 days    _____
   II   6 to 10 days   __X__
   III  11 to 20 days  _____
   IV   21 to 60 days  _____
   V    61 days and over _____

   (Check only one)

   Petty    _____
   Minor    _____
   Misdem.  _____
   Felony   _____

6. Has this case been previously filed in this District Court? (Yes or No) _No_ If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__ If yes:
   Magistrate Case No.: _____
   Related Miscellaneous number: _____
   Defendant(s) in federal custody as of: _____
   Defendant(s) in state custody as of: _____
   Rule 20 from the District of: _____
   Is this a potential death penalty case? (Yes or No) _No_
7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes __X__ No
8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

_____
DUSTIN M. DAVIS
ASSISTANT UNITED STATES ATTORNEY
COURT ID NO. A5501193

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   JAIME ALBERTO TAMAYO LOPEZ

**Case No:**

Count #: 1

Conspiracy to Launder Monetary Instruments

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   Twenty Years Imprisonment

Count #: 2

Conspiracy to Distribute Cocaine Knowing the Cocaine would be Imported into the United States

Title 21, United States Code, Section 963

**\*Max. Penalty:**   Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:   ALEXANDER HERRERA NARIÑO

Case No: _____

Count #: 1

Conspiracy to Launder Monetary Instruments

Title 18, United States Code, Section 1956(h)

*Max. Penalty:   Twenty Years Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   MIGUEL BRANDO PENARANDA DIAZ

**Case No:** _____

Count #: 1

Conspiracy to Launder Monetary Instruments

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   Twenty Years Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** VINCENZO APREA

**Case No:** _____

Count #: 1

Conspiracy to Launder Monetary Instruments

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**     Twenty Years Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**